
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ISAAC B. HERNANDEZ,

    Petitioner,

v.                                          CASE NO:  8:12-cv-623-T-30TGW
                                            Crim. Case No: 8:09-cr-349-T-30TGW

UNITED STATES OF AMERICA,

    Respondent.
_____/

## **ORDER**

THIS CAUSE comes before the Court upon Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (CV Dkt. #1) filed on March 23, 2012, and the Government's Response (Dkt. #5).  The Court held an evidentiary hearing on January 29, 2013, concerning the allegations raised in the petition.  Upon considering the pleadings and the testimony at the hearing, the Court concludes that the petition should be denied.

Hernandez was convicted by a jury of (1) conspiring to possess with intent to distribute 500 grams or more of methamphetamine, (2) possessing with intent to distribute 50 grams or more of methamphetamine on June 10, 2009, and (3) possessing with intent to distribute 50 grams or more of methamphetamine on June 18, 2009.

Hernandez was sentenced within the guidelines to 108 months incarceration followed by 48 months of supervised release.  Hernandez directly appealed his final judgment to the Eleventh Circuit Court of Appeal challenging the sufficiency of the evidence.  The Court of

Appeals affirmed the conviction. *United States v. Hernandez*, 408. Fed. App'x 313 (11th Cir. 2011), *cert. denied*, 131 S. Ct. 2136 (April 18, 2011).

The Government does not challenge the timeliness of the petition.

## STANDARD OF REVIEW

The law regarding ineffective assistance of counsel claims is well settled and well documented. In *Strickland v. Washington*, 466 U.S. 668 (1984), the Supreme Court set forth a two-part test for analyzing ineffective assistance of counsel claims:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Strickland*, 466 U.S. at 687.

*Strickland* requires proof of both deficient performance and consequent prejudice. *Strickland*, 466 U.S. at 697 ("There is no reason for a court deciding an ineffective assistance claim . . . to address both components of the inquiry if the defendant makes an insufficient showing on one."); *Sims*, 155 F.3d at 1305 ("When applying *Strickland*, we are free to dispose of ineffectiveness claims on either of its two grounds."). "[C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Strickland*, 466 U.S. at 690. "[A] court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's

conduct." *Id*. at 690. *Strickland* requires that "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." *Id*. at 690.

Petitioner must demonstrate that counsel's error prejudiced the defense because "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Id*. at 691-92. To meet this burden, Petitioner must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. at 694.

## DISCUSSION

**Ground One:**    Appellate counsel was ineffective for failing to appeal the reasonableness of the sentence.

In ground one, Hernandez contends that his sentence of 108 months was unreasonable. He states that had appellate counsel raised this issue on appeal, it would have been reduced to 60 months. Hernandez acknowledges his sentence was within the guidelines, but notes the guidelines are only advisory.

Hernandez's appellate and trial counsel, Bryant Camareno, testified at the evidentiary hearing that he raised only the issue on appeal he thought was the strongest. He testified that he did not raise the sentencing issue because he did not think he could show it to be unreasonable. And he did not raise the minor role reduction issue because Hernandez was

only held responsible for the quantity of drugs in his actual possession and, therefore, it was his opinion that a request for a minor role reduction was non-meritorious.

The Court accepts the testimony of Attorney Camareno and finds that there were no other meritorious issues that could have been raised on appeal. Hernandez was only charged with the drugs he actually possessed and therefore was not entitled to a minor role reduction. His sentence was within the guideline range and any argument that an appellate court would have reduced his sentence is merely speculative. Therefore, this ground will be denied.

**Ground Two:**   Appellate counsel was ineffective for failing to raise on appeal the unconstitutional exclusion of impeachment evidence.

In support of ground two, Hernandez argues that the trial court wrongfully excluded impeachment evidence concerning witness Pascual Garnica. Hernandez contends that the excluded evidence concerned Garnica's prior acts of violence against a pregnant woman and his numerous convictions of various crimes.

Mr. Camareno testified that he did not appeal this issue because he thought the Court was correct in its ruling. The Court allowed him to impeach Mr. Garnica on every requested ground except his prior arrest for violence against a pregnant woman in which adjudication had been withheld. Since the charge did not result in an adjudication of guilt, it was inappropriate to use it to impeach the witness.

The Court finds that appellate counsel performed appropriately. Hernandez has not shown any particular item of admissible impeachment evidence he was not allowed to use. Therefore, this ground will be denied.

**Ground Three:**   The petition omits ground three.

**Ground Four:**   Trial counsel was ineffective in advising Hernandez not to testify at trial.

In support of ground four, Hernandez argues that his trial counsel was ineffective in advising him not to testify in his own defense. He argues that the evidence against him consisted of only one co-conspirator linking him to the knowledge of the crime. And, had he testified at trial, he may have been acquitted, and, had he testified at sentencing, he may have received a lesser sentence. He also argues trial counsel failed to call several witnesses including his son who could have impeached government witness Paul Garnica.

Mr. Camareno testified he advised Hernandez of his right to testify, but further advised him not to do so because Hernandez was captured on video driving Garnica to the scene for the purchase of methamphetamine. Hernandez said he wanted to testify that he was a drug user, not a drug seller. He would have said he was involved only to the extent of obtaining some of the methamphetamine for his own personal use. Camareno advised him that participating in the transaction made him responsible for the amount of drugs involved in that transaction even if he was later to receive only a portion for his participation.

The other witnesses suggested by Hernandez were neighbors, also drug users. Hernandez wanted them to testify that Hernandez was only a user, not a seller. Mr. Camareno testified that he did not call these witnesses because (1) their testimony would have described Hernandez as addicted to methamphetamine, (2) they knew Hernandez had possessed drugs in the past because they had used drugs with him, and (3) they were not

willing to cooperate and testify for fear of being charged themselves. He did not call Hernandez's son as a witness because the son could only have testified that his father was addicted to methamphetamine.

The Court finds that Mr. Camareno adequately searched for witnesses and had legitimate reasons for not calling them. The potential testimony of Hernandez and his witnesses would have likely been more damaging than helpful. Mr. Camareno did not perform deficiently because most other trial lawyers would have also advised against calling these witnesses to testify at trial. Therefore, Hernandez fails to show Mr. Camareno was ineffective and this ground fails.

## **CONCLUSION**

Each ground raised by Hernandez fails for lack of merit. It is therefore ORDERED AND ADJUDGED that:

1. Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. §2255 (CV Dkt. #1) is DENIED.

2. The Clerk is to enter judgment for Respondent, United States of America, terminate any pending motions, and close this case.

3. The Clerk is directed to terminate from pending status the motion to vacate found at Dkt.#177, in the underlying criminal case, case number 8:09-cr-349-T-30TGW.

CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL
IN FORMA PAUPERIS DENIED

IT IS FURTHER ORDERED that Petitioner is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). Id. "A [COA] may issue...only if the applicant has made a substantial showing of the denial of a constitutional right." Id. at § 2253(c)(2). To make such a showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)). Petitioner has not made the requisite showing in these circumstances.

Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

**DONE** and **ORDERED** in Tampa, Florida on February 11, 2013.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

F:\Docs\2012\12-cv-623.deny 2255.wpd